[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff has appealed from the decision of the East Lyme Conservation Commission granting the defendant Country Club of New England Group Limited Partnership a permit under Connecticut General Statutes section 22a-42 (a) to conduct regulated activities in inland wetlands and watercourses.
FACTS
The following facts are not in dispute:
The plaintiff alleged that the Commission published its decision on September 18, 1989. The Commission published CT Page 556 the decision in the New London Day newspaper on September 18, 1989. The Clerk of the Court signed the writ and summons on September 22, 1989. The plaintiff placed the writ, summons and complaint in a sheriff's hands on September 22, 1989. The sheriff served, in hand, the:
 a. Assistant Town Clerk of East Lyme on September 28, 1989;
b. Lewis S. Bull on September 28, 1989;
 c. Leshe Carothers, Commissioner of the DEP on September 29, 1989;
d. Julia and William Mostowy on September 30, 1989;
 e. Chairman of the Conservation Commission on September 30, 1989;
 f. Country Club of New England Group Limited Partnership on September 30, 1989;
 g. Resource Ventures Energy Corporation on September 30, 1989; and
h. Nathan Shippee on September 30, 1989.
The sheriff left a true and attested copy of the writ, summons and complaint at the Office of the Secretary of State, as due and legal service upon the out-of-state defendants John H. Sawitsky, on September 29, 1989 and Stephen Sawitski, on October 5, 1989. Additionally, on October 6, 1989, the sheriff deposited in the United States Post Office a true and attested copy of the writ, summons and complaint addressed to John H. Sawitsky and Stephen Sawitski at their last known address. On the same day, October 6, 1989, the sheriff legally completed the service of process and filed the plaintiff's appeal with the Court.
The defendants Country Club of New England Group Limited Partnership, Resource Ventures Energy Corporation, and Nathan Shippee have moved to dismiss this action, claiming that it was not timely filed and therefore the Court lacks subject matter jurisdiction. The defendants Town of East Lyme, Town of East Lyme Clerk, and Conservation/Inland Wetlands Agency of the Town of East Lyme have also moved to dismiss the action, claiming that the Court lacks subject matter jurisdiction on the grounds that the plaintiff has not met the filing requirements imposed by section 22a-43. CT Page 557
Section 22a-43 (a) provides in part that: "Any person aggrieved . . . may, within fifteen days after publication . . . appeal to the Superior Court for the Judicial District where the land affected is located." The plaintiff argues that the requirement to appeal to the Superior Court within fifteen days only mandates that the suit papers be turned over to the sheriff within such fifteen day period. The defendants argue that the statutory mandate is for the appeal to be filed with the court within such fifteen day period and that since that did not occur that the appeal is defective. The parties have cited conflicting Superior Court decisions regarding the analogous requirement under section 8-8 (a) requiring a person within fifteen days to "take an appeal to the Superior Court". The parties recognize that there is a conflict among the Superior Courts as to whether the phrase "take an appeal" under section 8-8 (a) means to file the appeal papers in court, or to serve the defendant.
This Court agrees with the rationale in Segen v. Shelton Planning and Zoning Commission, et al, Docket No. 27207, Superior Court, Judicial District of Ansonia-Milford (Fuller, J.). Based on the reasoning of that decision, this Court holds that an inland wetland appeal does not have to be returned to court and filed within fifteen days of the date of publication of the commission's decision.
Accordingly, the motion to dismiss filed on behalf of the appearing defendants is denied.
AXELROD, JUDGE